

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-60211-CIV-MORENO

BASIL A. WILLIAMS,

    Plaintiff,

vs.

JOHN E. POTTER, Postmaster General, United
States Postal Service,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(D.E. No. 15)**, filed on **February 1, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises. The Court notes that as of the date of this Order, the Plaintiff had failed to file a response to the motion. *See* S.D. Fla. L.R. 7.1(C) ("Each party opposing a motion shall serve an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default.").

**ADJUDGED** that the motion is GRANTED because the Court lacks subject matter jurisdiction. Plaintiff is suing her former employer, the United States Postal Service, for a violation of the Americans with Disabilities Act. It is well-settled that the United States Postal Service is sovereignly immune from such a claim. *See Clavin v. Potter*, 2006 WL 1044821, *3 (D.N.J. April 19, 2006) (dismissing ADA claim against Postal Service). The ADA provides that "no covered

entity shall discriminate against a qualified individual with a disability. . ." 42 U.S.C. § 12112(a). The term "covered entity" means "an employer, employment agency, labor organization or joint-labor management committee." 42 U.S.C. § 12111(2). The term "employer", however, does not include "the United States [or] a corporation wholly owned by the government of the United States. . . " 42 U.S.C. § 12111(5)(B)(i). The United States Postal Service is a branch of the United States government. *See* 39 U.S.C. § 201. As such, the United States Postal Service is exempt from the provisions of the ADA and the Court has no jurisdiction over this claim. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of February, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record